I respectfully dissent. In my opinion, the officer's actions in approaching and stopping the appellant's vehicle were justified under the rule established in Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The majority notes that Lt. Pennington testified that the following factors underlay his stop of the appellant's car:
 "(1) three white juveniles out at 3:30 a.m., (2) driving below the speed limit, (3) with no apparent destination, (4) in a predominately black neighborhood (5) where car burglaries had occurred recently, (6) through a business district where the businesses had closed, and (7) one of the passengers looked back at Pennington a few times."
674 So.2d at 1379.
Even after giving due consideration to the often peculiar manifestations of wholly innocent behavior, I believe that Lt. Pennington articulated a "particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 418,101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The totality of the circumstances afforded Lt. Pennington a reasonable foundation for his suspicions, which he should not have been required to discount as merely a "hunch." I cannot believe, as the majority apparently does, that the factors that aroused Lt. Pennington's suspicions, taken in combination, would, in fact, apply to " 'a large portion of the motorists engaged in travel upon our interstate highways.' " 674 So.2d at 1380 (quoting UnitedStates v. Tapia, 912 F.2d 1367, 1371 (11th Cir. 1990)). Moreover, as other courts have observed, " '[i]t must be rare indeed that an officer observes behavior consistent only with guilt and incapable of innocent interpretation.' " UnitedStates v. Rickus, 737 F.2d 360, 365 (3rd Cir. 1984) (quotingUnited States v. Price, 599 F.2d 494, 502 (2d Cir. 1979)); accord United States v. Wallraff, 705 F.2d 980, 988 (8th Cir. 1983); United States v. Black, 675 F.2d 129, 137 (7th Cir. 1982), cert. denied, 460 U.S. 1068, 103 S.Ct. 1520,75 L.Ed.2d 945 (1983); United States v. Viegas, 639 F.2d 42, 45
(1st Cir.), cert. denied, 451 U.S. 970, 101 S.Ct. 2046,68 L.Ed.2d 348 (1981). " '[I]t is important to recall that a trained law enforcement agent may be "able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer." (quoting Brown v. Texas, 443 U.S. [47,] 52 n. 2, 99 S.Ct. [2637,] 2641 n. 2 [,61 L.Ed.2d 357 *Page 1381 
(1979)].' " Pianzio v. State, 423 So.2d 258, 266
(Ala.Cr.App. 1981) (DeCarlo, J., dissenting), quoting UnitedStates v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 1882,64 L.Ed.2d 497 (1980).